1407

SHIRLEY V. REMMERT, IN PRO PER
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert;<br>Eva D. Al-Zaghari,<br>    Plaintiffs,<br><br>v.<br><br>James P. Fox,<br>District Attorney<br>Of San Mateo County;<br>Jerry Brown,<br>Attorney General<br>Of the State of California<br>_____/ | PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER/ MEMORANDUM OF POINTS AND AUTHORITIES/ DECLARATION/ EXHIBIT A/ PROPOSED ORDER<br><br>CASE NO. C-08-1644 CRB<br>C-08-1645 CRB<br><br>HON. CHARLES R. BREYER<br><br>*ATTACHED:* <u>REQUEST FOR EX PARTE HEARING</u> |

1.  I, Plaintiff Shirley V. Remmert and Plaintiff Eva D. Al-Zaghari move for a temporary restraining order (TRO) against San Mateo County's lock-up of my daughter, Eva Al-Zaghari and its prohibiting contact between my daughter and me through Probate Court orders of State of California court in San Mateo County (Case No. 108876 LPS and No. 114069).

2.  The grounds for this motion are the facts showing that the acts of the county employees are terrorist in nature in violation of federal criminal codes and that we are denied our civil liberties under 42 U.S.C. sec. 1983.

3.  The motion is based on a memorandum of points and authorities, a declaration,

and an attached **Exhibit A**, the opening brief by my attorney D. Fried for my appeal against the conviction of Case No. SM351187A, a subject of this case.

## MEMORANDUM OF POINTS AND AUTHORITES

### Argument

4. We, the plaintiffs will suffer immediate and irreparable injury if defendants are not immediately restrained from their enforcement of the said Probate Court orders. We have no adequate remedy at law, since the law enforcement sector (county sheriff and F.B.I.) continually categorize the case as a conservatorship matter. The civil courts continue to rely on the hearsay evidence of experts in mental health, even though the evidence is brought about through the lack of due process.

5. There is a substantial likelihood that I will prevail on the merits, since

    A. Paramedics from the Menlo Park Fire Protection District and paramedics from American Medical Response both stated at the time of an "incident" claimed by psychiatrists that Eva Al-Zaghari was not a "5150" case under Welfare and Institutions Code sec. 5150.

    B. Psychiatrists cannot produce even one timely written law enforcement report for a "5150" for March 26, 2005, the date of the claimed "incident".

    C. The county psychiatrist committing Eva Al-Z. on March 27, 2005 admitted four months earlier that Eva Al-Z. does not fit the criteria for a conservatorship.

    D. No hearing was held in court to allow Eva Al-Zaghari to oppose the forcible drugging. No hearing was held in court to allow her to oppose the diagnosis of her as a patient under the LPS Act allowing for the most draconian of treatment including

---

PLAINTIFFS' MOTION FOR A TRO/ C-08-1644 CRB; C-08-1645 CRB      2

sterilization. The pleading for the temporary or preliminary conservatorship was not served to me or to my daughter until two weeks after the order for the temporary conservatorship was signed and entered on the records.

    E.    Eva Al-Z.'s medical records are rife with bogus statements of drug abuse, violence, suicidal ideation, without corroboration by law enforcement reports. She in fact has never abused drugs, became agitated when the psychiatrists induced her diabetic condition, and was not suicidal at the time of the claimed incident.

6.    In the balance of hardship test, the threatened harm to plaintiff outweighs the harm a temporary restraining order would inflict on defendants, who have exerted unjustified power over us.

7.    The issuance of a temporary restraining order would not adversely affect the public interest and public policy because the public including the plaintiffs have a right to know through litigation why the county and the state have wreaked so much havoc on our lives.

8.    The court should enter this temporary restraining order without notice to defendants because we will suffer immediate and irreparable injury, retaliation (Exhibit A), loss of civil rights, or damage if the TRO is not granted before defendants can be heard. Notice would be impractical or impossible/there is no less drastic means to protect our interests.

9.    Exhibit A, part of the opening brief for my attorney, D. Fried, for my appeal against the judgment in Case No. SM 351187, a subject in this petition for a writ,

describes the pain from forced drugging by the county that Eva Al-Z. undergoes when she appears in court to testify on her behalf.

10.     Also, the court would not allow her to testify to the fact that she on her own tried to escape from a county halfway house accessible to male strangers on May 2, 2007. I was arrested on May 3, 2007 and sentenced to four months in jail on June 27, 2007. A week before, Eva Al-Z. traveled to Sacramento (part of the Reno trip) and complained in writing to the Governor about her alleged false imprisonment.

11.     We ask that the court set the request for a preliminary injunction for hearing at the earliest possible time.

## Conclusion

12.     For these reasons, we ask the court to issue a temporary restraining order preventing Defendant State of California courts and agencies, as well as San Mateo County agencies from enforcement of the Probate Court orders which grant the county unlimited power over the person and estate of Eva Al-Zaghari (Case No. 108876 LPS) and which prohibit my contact with her (Case No. 114069).

13.     We ask that all civil rights be restored to us as of the day before the county's claim of an incident of March 26, 2005. Included in those civil rights is the right not to be followed by paid county mental health personnel.

## DECLARATION

STATE OF CALIFORNIA
SAN MATEO COUNTY

I, Plaintiff Shirley V. Remmert, am knowledgeable as to the facts in this motion

and can competently testify as to those facts as they are within my personal experience. I declare that the above statements are true and correct under the penalties for perjury of the federal laws.

DATE: *April 15, 2008*

                      Respectfully Submitted By:

                      *Shirley V. Remmert*
                      Plaintiff

EXHIBIT A

**DARRYL S. FRIED**
Attorney at Law
SBN 064094
580 Crespi Drive, Suite A-6 [PMB 209]
Pacifica, CA 94044-3426
Telephone: 650.738.5896
Fax: 650.738.5896

**ENDORSED FILED**
SAN MATEO COUNTY

JAN 1 7 2008

Clerk of the Superior Court
By___Margaret Chin___
DEPUTY CLERK

Attorney for Appellant

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

APPELLATE DEPARTMENT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ]<br>]<br>Plaintiff / Respondent, ]<br>]<br>v. ]<br>]<br>SHIRLEY V. REMMERT, ]<br>]<br>Defendant / Respondent. ]<br>]<br>_____] | AD 4986, 4987<br><br>NO: SM351187<br>SM340531<br><br>APPELLANT'S<br>OPENING BRIEF |

Appeals from the Superior Court
Southern Judicial District
Honorable Elizabeth K. Lee, Judge

representation, dismissal, and retrial were denied. (RT 150.) As on the other case, the Notice of Appeal in this case was filed on July 27, 2007.

## STATEMENT OF THE FACTS

This case involves Shirley Remmert removing her conserved daughter from a court ordered placement facility in violation of a no contact order issued against her in the case (for which she was already on probation.) Ms. Remmert's defense to the charge was that pre-existing orders were invalid and therefore not binding upon her.[1]

Deputy Joseph Vers of the San Mateo County Sheriff's Department testified that on April 29, 2007 he was dispatched to the home of Shirley Remmert in Menlo Park on the report of a missing woman out of Daly City. (RT 51.) The missing person was Eva Al-Zahari, the daughter of Shirley Remmert. Ms. Al-Zahari was located in the home by the deputy. (RT52.) The deputy confirmed the existence of a restraining order protecting Ms. Al-Zahari from contact with Shirley Remmert. (RT 55.)

Eva Al-Zaghari testified that she was at Eucalyptus House on April 25, 2007 when she heard a whistle. (RT 66.) In response, she went to a cul de sac outside and got into a truck driven by her mother. (RT 66.) She then went to

---

[1] Although more than one act was alleged, the district attorney at the suggestion of the trial court, elected to go with the incident of April 25, 2007. (RT 92.)

Reno with her mother, stayed one night, went to other places and eventually returned to her mother's house in Menlo Park. (RT 66.) She sort of remembers the deputy coming to the house, speaking to him, and then being taken to San Mateo County General Hospital. (RT 67.) Ms. Al-Zaghari, who is the subject of a conservatorship, testified after being given medication which affects her ability to sleep and causes dehydration. (RT 69.) Ms. Al-Zaghari also testified as a defense witness and indicated that from April 25 to May 3 she was not on medication and during that time she did not feel sick. She felt alert. (RT 77.) The medications she has to take make her feel drowsy. (RT 78.)

Shirley Remmert testified on her own behalf. She was not advised of her rights against self incrimination. She felt that her daughter is not gravely disabled. She only looks that way when she is medicated. The medication also affects her daughter's memory. (RT 84.) Ms. Remmert feels that her daughter is competent and that the county caused her condition by exacerbating her diabetic condition and giving her anti psychotic medication. (RT 84.)

On cross examination, she admitted being aware of the restraining order and that it was in effect between April 25th - April 29. Her defense to the charge is necessity/justification. She is on probation for the first violation of

*Request for Hearing*

1407

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert;<br>Eva D. Al-Zaghari,<br>Plaintiffs,<br><br>v.<br><br>James P. Fox,<br>District Attorney<br>Of San Mateo County;<br>Jerry Brown,<br>Attorney General<br>of the State of California,<br>Defendants<br>_____/ | PLAINTIFFS' REQUEST FOR HEARING<br>FOR TRO<br><br><u>RE REMMERT'S PETITION FOR WRIT OF</u><br><u>HABEAS CORPUS</u><br><br>CASE NO. C-08-1644 CRB<br>C-08-1645 CRB<br><br>HON. CHARLES R. BREYER |

    We, the plaintiffs Shirley V. Remmert and Eva D. Al-Zaghari request a hearing for a motion on a temporary restraining order to present evidence under FRCP 43(e).

    I declare that the above statement is true and correct under the penalties for perjury of the federal laws.

DATE:

_____
                                  Plaintiff

PLAINTIFFS' REQUEST FOR A HEARING/ TRO/ C-08-1644 CRB; C-08-1645 CRB/    1 of 1

*Proposed Orders*

1407

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert;<br>Eva D. Al-Zaghari,<br>    Plaintiffs,<br><br>v.<br><br>James P. Fox<br>District Attorney<br>Of San Mateo County'<br>Jerry Brown<br>Attorney General<br>Of the State of California<br>_____/ | [PROPOSED] ORDER GRANTING PLAINTIFFS' REQUEST FOR HEARING FOR TRO<br><br><u>RE PLAINTIFF REMMERT'S PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>CASE NO. C-08-1644 CRB<br>             C-08-1645 CRB |

After considering the application for a hearing on a motion for a temporary restraining order by Plaintiffs Shirley V. Remmert and Eva D. Al-Zaghari, the court GRANTS the plaintiffs' request for hearing and sets the motion for a TRO for hearing on

_____ at _____ a.m./ p.m.


SIGNED on _____


_____
U. S. DISTRICT JUDGE

ORDER GRANTING HEARING/ TRO/ C-08-1644 CRB; C-08-1645 CRB/      1 of 1

1407

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert;<br>Eva D. Al-Zaghari,<br>   Plaintiffs,<br><br>      v.<br><br>James P. Fox,<br>District Attorney<br>Of San Mateo County;<br>Jerry Brown,<br>State Attorney General<br>Of the State of California,<br>   Defendants<br>_____/ | [PROPOSED]  ORDER GRANTING<br>PLAINTIFFS' TEMPORARY<br>RESTRAINING ORDER<br><br>CASE NO. C-08-1644 CRB<br>            C-08-1645 CRB |

After considering the application of Plaintiffs Shirley V. Remmert and Eva D. Al-Zaghari for a temporary restraining order against Defendants District Attorney James P. Fox for San Mateo County, Attorney General Jerry Brown for the State of California, and any of their agents, as well as the pleadings, affidavits, and declarations, the court FINDS as follows:

1.   Plaintiffs will suffer the following immediate and irreparable injury, loss, or damage; namely, unnecessary, unjustified, groundless medication, mental and physical harm from the many forms of restraint used upon her.

ORDER GRANTING TRO/ C-08-1644 CRB; C-08-1645 CRB                                                        1

2.      This injury is irreparable because plaintiffs have shown facial evidence of a previous trauma likely to result in irreversible injuries from the present post-trauma.

3.      This ex parte order is granted without notice to defendants, because of the San Mateo County's suspicious history of forcibly drugging Eva Al-Zaghari when she appears in court.

For these reasons, the court ORDERS the following:

4.      Defendants, their officers, agents, servants, employees, attorneys, judges, and all persons acting in concert with them be restrained from enforcing Probate Court orders in Case No. 108876 LPS and No. 114796.

Plaintiff Shirley Remmert upon the signing and entering of this order will present a copy of the order to Defendant District Attorney James P. Fox, who will advise the custodians of Eva Al-Z. that they may not medicate her or treat her pursuant to this order for her temporary release. If the order is entered on a Friday or at the close of a business day, the District Attorney will nevertheless immediately inform the custodians in Eva Al-Z.'s residence of the contents of this order. The custodians will allow Plaintiff Remmert to speak to her daughter by telephone or in person. Defendant District Attorney will inform Plaintiff Remmert of the address for pick-up of her daughter. The foregoing assistance in the release of Eva Al-Z by the Defendant District Attorney after the order is issued will take approximately one hour. Delays by any of the parties or agents will not be tolerated. Plaintiff Remmert will return Eva Al-Zaghari to their home at 990 Berkeley Avenue, Menlo Park, CA 94025. All of the rights that they were entitled to before Eva

Al-Z.'s detention for conservatorship on March 26, 2005 are restored pending a full hearing or further court orders.

    The clerk to issue notice to Defendants District Attorney for San Mateo County and Attorney General for the State of California that the hearing on Plaintiff's request for preliminary injunction is set for _____, 2008 at _____ a.m./ p.m.

    The temporary restraining order will expire at the end of the hearing for the preliminary injunction or on _____.

SIGNED on _____ at _____ a.m./p.m.

_____
U. S. DISTRICT JUDGE