1421

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571



### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert; | PLAINTIFFS' OFFER OF EVIDENCE FOR |
| Eva D. Al-Zaghari, | TEMPORARY RESTRAINING ORDER |
| Plaintiffs, | AGAINST PROBATE COURT ORDERS |
| | INFRINGING ON CIVIL LIBERTIES |
| v. | |
| | DECLARATION |
| | |
| | RE REMMERT'S PETITION FOR WRIT OF |
| James P. Fox, | HABEAS CORPUS |
| District Attorney | |
| Of San Mateo County; | CASE NO. C-08-1644 CRB; |
| Jerry Brown, | C-08-1645 CRB |
| Attorney General | |
| Of the State of California, | HON. CHARLES R. BREYER |
| Defendants | |

We, Plaintiffs Shirley V. Remmert and Eva D. Al-Zaghari, hereby file a list of

exhibits and witnesses for trial on the motion for a temporary restraining order of Probate

Court orders in Case No. 108876 LPS, *In the Matter of Eva D. Al-Zaghari* and No.

114796, *San Mateo County Public Guardian v. Shirley V. Remmert.*

### DECLARATION

STATE OF CALIFORNIA
SAN MATEO COUNTY

I, Plaintiff Shirley V. Remmert, can competently testify as to the facts in this

motion, as I am knowledgeable about those matters and have personal experience therein.

PLAINTIFFS' OFFER OF EVIDENCE/ TRO HEARING/ C-08-1644 CRB; C-08-1645 CRB/  1

As for those matters based on reliable information, I believe them to be true. I declare

that these statements are true and correct under the penalties for perjury of the federal

laws.

DATE: *April 15, 2008*

        Respectfully Submitted By:

        *Shirley V. Remmert*
                  Plaintiff

LIST OF EXHIBITS IN SUPPORT OF A TRO

### Exhibit A

DR. MARY MARGARET FLYNN, M.D., San Mateo County psychiatrist, wrote in a medical record four months before she conserved Eva Al-Z.: Patient " does not meet legal criteria for conservatorship…" (November 17, 2004)

### Exhibit B

The psychiatrist wrote the following day that she spoke to a Deputy Public Guardian for my mother, Julia Venoya, and falsely determined that I " more focused on… suing the probate conservators".

### Exhibit C

PARAMEDICS FROM THE MENLO PARK FIRE PROTECTION DISTRICT found that Eva Al-Zaghari was not an emergency case, even though Deputy Sheriff Sean O'Donnell tried to make it a "5150" (cause for detention by psychiatrists under Welfare and Institutions Code sec. 5150) (March 26, 2005)

### Exhibit D

PARAMEDICS FROM THE AMERICAN MEDICAL RESPONSE (AMR) AMBULANCE reported back to "911 PUBLIC SAFETY COMMUNICATIONS OF THE SHERIFF'S OFFICE that Eva Al-Z. is not a "5150", but AMR did drive her to Kaiser Hospital, at whose insistence, I do not know (March 26, 2005).

### Exhibit E

A letter from U. S. PROBATION OFFICER ESTHER M. DAVIS states that Eva

Al-Z. was deemed competent by the federal court. Her competency for the successful completion of the probation program for an unrelated misdemeanor in 2002 was concurrent with the county court's issuance of a conservatorship order on June 7, 2005.

Exhibit F

Deputy County Counsel Peter K. Finck and Deputy County Counsel Judith A. Holiber insisted on making the conservatorship case a criminal one: *People of the State of California v. Eva D. Al-Zaghari*, but there are no law enforcement reports citing Eva Al-Z. for a new crime linked to a conservatorship investigation. The incident in 2002 was her only scrape with the law (Exhibit E).

Pending Evidence for Preliminary Injunction, if Granted

Re:      No hearings with Eva Al-Z.'s or my Opportunity for Opposition

There is no evidence that Eva Al-Z. had a hearing for forcible drugging with psychosis-inducing, mind-altering drugs. She had no hearing under the LPS Act, which allows in effect ownership of her person and estate. She had no hearing to determine the truthfulness of reports that she abuses drugs, or is suicidal. Private Defenders and others will be examined.

WITNESS FOR TRO HEARING

COMMANDER TERRI MOLAKIDES OF THE MENLO PARK POLICE will bring the record of a criminal complaint that Eva Al-Z. (then Eva D. Remmert) and I made concerning an assault against her. She was drugged, raped, and brutalized in this still unsolved crime. I believe that the blunders in the conservatorship case are actually

1

2    intentional. Her life is in danger, as criminals would like to see her mind destroyed.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

$\mathcal{A}$

```
        U          U19
        11/06/04   PCP
        PCC
                                    SMMC  ADM
```

11/18/2004 4:21 PM  Thursday
Psychiatry Note: **Eva Alzaahari. Room 303-1**
O:  Met with patient and her mother.  MSE:  Patient I believe for the first time since
admission is dressed in something other than hospital gown.  She is alert and oriented.
She avoids eye contact.  Most of her brief responses are in the altered squeaky voice.  She
acknowledges she is looking forward to discharge tomorrow.  She appears very internally
preoccupied but was able to remain through the entire interview.  She said she would take
her medications.  She knows she has diabetes.  She did not know she has hypertension.
She has no insight and grossly impaired judgment.  She has not engaged in any further
assautative behaviors.  She continues to frequently "hide" in the bathroom.   Discussed
with mother the glucoscan, monitoring BP, taking geodon.  I called and spoke with Dr
Verby.  Patient has appointment Monday Nov 22, 2005 with him and the week of Dec 1
with internist  See discharg summary sheet.
A:  no change in Dx
P:  discharge tomorrow to mother's care and with physicians as noted in chart. I am
unable to conserve this patient, as she does not meet legal criteria for conservatorship
under the LPS law.  In addition she is more anxious in the hospital . If her mother will
indeed follow through and give the patient her antispcyhotic medicine as wel as meds for
her medical problem prognosis is better.  But unfortunately mother's judgment has not
been particularly good in the past, although she is verbalizing compliance with giving her
daughter the medicine. And monitoring her glucose and HBP.

Mary Margaret Flynn MD

$\mathcal{B}$

1 33545
U                    U19          33385021
11/05/04         PCP
PCC
                                        SMMC ADM

11/17/2004 3:21 PM  Wednesday
Psychiatry Note: **Eva Al-Zaghari,    Room 303-1**
S: *Yes, I will.*
O: Patient was able to speak in a more normal tone of voice for about three sentences.
Then she spoke at some length and I couldn't understand a word she said and she
diminished the sound of her voice to where she was sub vocalizing, and then just moving
her lips to her self. She avoided eye contact. She is internally preoccupied and appeared
to be hallucinating throughout the interview. She was less anxious. She was able to
provide some information in normal tone of voice e.g. her birthday. She willingly signed
forms for us to send discharge summary to her internist and to Dr. Verby. She clearly
said she is glad to be going home. She became more anxious and subvocalized more
when I attempted to talk with her about DM and hypertension. She has no insight and
grossly impaired judgment.
**Collateral contact:** The probate conservator of Eva's maternal grandmother who lives
in home with Eva and Mrs. Remertz called. The grandmother is Eva's mother's mother.
And Eva's mother's father (the maternal grandfather) owns the home and wants to evict
Eva and Eva's mother, his daughter from the home. Eva's mother, Mrs. Remertz has
been managing the wealth and properties of her father and mother. The guardianship of
the grandmother wants the grandmother moved to a skilled nursing facility and is hoping
to be able to protect the assets of the family, which are apparently dwindling secondary to
Eva's mother's (Mrs. Remertz's) business practices and poor judgments. The maternal
grandmother does have paranoid schizophrenia. In talking with Mrs. Remertz, she
describes another female relative with being diagnosed with schizophrenia but "she is
normal now". Talked with mother today. Mother verbally agreed to give Eva the geodon
and her antihypertensive and antidiabetic medication. I strongly recommended to the
mother that as Dr Verby is a pediatrician and not psychiatrist that Eva get and adult
psychiatrist to follow her schizophrenia. Mother herself remain NOT convinced Eva has
schizophrenia or even DM and HBP but is saying she will have her take medications.
Eva's mother is more focused on getting Eva to her visitations with her son, to suing the
probate conservators, suing g her father to remain in the house. However I cannot
conserve Eva and I also don't think clinically it would be helpful to take Eva away from
the family necessarily, particularly if her mother will follow through with the medical and
psychiatric follow p I will be writing out and recommending to her, Dr Verb, The
internist, the psychologist and all the other collateral contacts this stay.
A: no change in DX
P: Mrs. Remertz received instruction today on how to do the finger sticks. She also
expressed concern about Eva's hirsute, and endocrine and Ob-Gyn problems.

Mary Margaret Flynn MD

**A** | `41050`  **FDID** ★ | `CA` **State** ★ | `03` `26` `2005` **Incident Date** ★ | `5` **Station** | `05-0001781` **Incident Number** ★ | `000` **Exposure** ★ | ☐ Delete ☐ Change ☐ No Activity | **NFIRS -1 Basic**

**B  Location** ★

☐ Check this box to indicate that the address for this incident is provided on the Wildland Fire Module in Section B "Alternative Location Specification". Use only for Wildland fires.   **Census Tract** `___` - `___`

☒ Street address
☐ Intersection
☐ In front of
☐ Rear of
☐ Adjacent to
☐ Directions

`990` **Number/Milepost** `___` **Prefix** | `BERKELEY` **Street or Highway** | `AV` **Street Type** | `___` **Suffix**

`___` **Apt./Suite/Room** | `Menlo Park` **City** | `CA` **State** | `94025` **Zip Code** - `___`

`___` Cross street or directions, as applicable

**C  Incident Type** ★

`321` | `EMS call, excluding vehicle` **Incident Type**

**D  Aid Given or Received** ★

1 ☐ Mutual aid received
2 ☐ Automatic aid recv.
3 ☐ Mutual aid given
4 ☐ Automatic aid given
5 ☐ Other aid given
N ☒ None

| Their FDID | Their State |
| Their Incident Number |

**F  Actions Taken** ★

`33` | `Provide advanced life`
**Primary Action Taken (1)**

`___` | `___`
**Additional Action Taken (2)**

`___` | `___`
**Additional Action Taken (3)**

**E1  Date & Times**     Midnight is 0000

☐ Check boxes if dates are the same as Alarm Data.   ALARM always required

| | Month | Day | Year | Hr Min Sec |
| Alarm ★ | `03` | `26` | `2005` | `15:05:05` |

ARRIVAL required, unless canceled or did not arrive

| Arrival ★ | `03` | `26` | `2005` | `15:08:13` |

CONTROLLED, Optional, Except for wildland fires

☐ Controlled | `___` | `___` | `___` | `___`

LAST UNIT CLEARED, required except for wildland fires

| Last Unit Cleared | `03` | `26` | `2005` | `15:21:32` |

**E2  Shift & Alarms**   Local Option

`B` **Shift or Platoon** | `1` **Alarms** | `1` **District**

**E3  Special Studies**   Local Option

`___` **Special Study ID#** | `___` **Special Study Value**

**G1  Resources** ★

☒ Check this box and skip this section if an Apparatus or Personnel form is used.

| | Apparatus | Personnel |
| Suppression | `___` | `___` |
| EMS | `0001` | `0003` |
| Other | `___` | `___` |

☐ Check box if resource counts include aid received resources.

**G2  Estimated Dollar Losses & Values**

LOSSES: Required for all fires if known. Optional for non fires.   **None**

| Property $ | `___` , `000` , `000` | ☐ |
| Contents $ | `___` , `000` , `000` | ☐ |

PRE-INCIDENT VALUE: Optional

| Property $ | `___` , `000` , `000` | ☐ |
| Contents $ | `___` , `000` , `000` | ☐ |

**Completed Modules**

☐ Fire-2
☐ Structure-3
☐ Civil Fire Cas.-4
☐ Fire Serv. Cas.-5
☐ EMS-6
☐ HazMat-7
☐ Wildland Fire-8
☐ Apparatus-9
☐ Personnel-10
☐ Arson-11

**H1 ★ Casualties** ☐ None
        Deaths  Injuries
Fire Service `___` `___`
Civilian `___` `___`

**H2  Detector**
Required for Confined Fires.

1 ☐ Detector alerted occupants
2 ☐ Detector did not alert them
U ☐ Unknown

**H3  Hazardous Materials Release**

N ☒ None
1 ☐ Natural Gas: slow leak, no evacuation or HazMat actions
2 ☐ Propane gas: <21 lb. tank (as in home BBQ grill)
3 ☐ Gasoline: vehicle fuel tank or portable container
4 ☐ Kerosene: fuel burning equipment or portable storage
5 ☐ Diesel fuel/fuel oil: vehicle fuel tank or portable
6 ☐ Household solvents: home/office spill, cleanup only
7 ☐ Motor oil: from engine or portable container
8 ☐ Paint: from paint cans totaling < 55 gallons
0 ☐ Other: Special HazMat actions required or spill > 55gal., Please complete the HazMat form

**I  Mixed Use Property**

NN ☒ Not Mixed
10 ☐ Assembly use
20 ☐ Education use
33 ☐ Medical use
40 ☐ Residential use
51 ☐ Row of stores
53 ☐ Enclosed mall
58 ☐ Bus. & Residential
59 ☐ Office use
60 ☐ Industrial use
63 ☐ Military use
65 ☐ Farm use
00 ☐ Other mixed use

**J  Property Use** ★   **Structures**

31 ☐ Church, place of worship
61 ☐ Restaurant or cafeteria
62 ☐ Bar/Tavern or nightclub
13 ☐ Elementary school or kindergarten
15 ☐ High school or junior high
11 ☐ College, adult education
L1 ☐ Care facility for the aged
31 ☐ Hospital

**Outside**

24 ☐ Playground or park
15 ☐ Crops or orchard
19 ☐ Forest (timberland)
7 ☐ Outdoor storage area
9 ☐ Dump or sanitary landfill
1 ☐ Open land or field

341 ☐ Clinic, clinic type infirmary
342 ☐ Doctor/dentist office
361 ☐ Prison or jail, not juvenile
419 ☒ 1-or 2-family dwelling
429 ☐ Multi-family dwelling
439 ☐ Rooming/boarding house
449 ☐ Commercial hotel or motel
459 ☐ Residential, board and care
464 ☐ Dormitory/barracks
519 ☐ Food and beverage sales

936 ☐ Vacant lot
938 ☐ Graded/care for plot of land
946 ☐ Lake, river, stream
951 ☐ Railroad right of way
960 ☐ Other street
961 ☐ Highway/divided highway
962 ☐ Residential street/driveway

539 ☐ Household goods, sales, repairs
579 ☐ Motor vehicle/boat sales/repair
571 ☐ Gas or service station
599 ☐ Business office
615 ☐ Electric generating plant
629 ☐ Laboratory/science lab
700 ☐ Manufacturing plant
819 ☐ Livestock/poultry storage (barn)
882 ☐ Non-residential parking garage
891 ☐ Warehouse

981 ☐ Construction site
984 ☐ Industrial plant yard

Lookup and enter a Property Use code only if you have NOT checked a Property Use box:

**Property Use** `419`

`1 or 2 family dwelling`

**NFIRS-1 Revision 03/11/99**





COUNTY OF SAN MATEO
911 Public Safety Communications
Hall of Justice and Records
400 County Center, EPS-103
Redwood City, CA 94063

Date: May 26th, 2005

To:      Shirley Remmert/ Citizen

From:    Jaime D. Young, Manager, 911 Public Safety Communications

Subject: CERTIFICATION OF COPIES FROM ORIGINAL TRANSCRIPTS

**RE:        Welfare Check**
**Date/Time:  03/26/05**
**Case No:    SOS050001750** ← MY MOTHER'S CASE NO,
**Location:   990 Berkeley Ave** SVR

As a fully employed member of the San Mateo County Communications Dispatch Staff,
I certify that the enclosed CAD document was reproduced by me on May 26th, 2005 and
that it is a true and accurate copy of the original.

Certified by:

*Pauline J. Hutchens*

Pauline J. Hutchens
Custodian of Records
(650) 363-4630

```
/1501            MISC      2BK21   ,CHECKING INSIDE 990 FOR THE VICT - THERE'S A
                                    A 5150 SUBJ IN THE RESN
/1501            SUPP              ,CODE 33 *******
/1501            SUPP              ,CORRECTION BK21 ASKING FOR CODE33
/1504            OK        2BK21   , CODE 4 NO V, 33 YO FEMALE UNRESPONSIVE, LAY
                                    IN BED, BREATHING, SEPERATE SUBJ
/1504   (TMG  )  $CROSS            #MNF050850010
/1505            $CROSS            #EMS05010331
/1505            MISC              Chief complaint: UNRESP FEMALE
                                   Code of response: 3
                                   Anyone on scene with patient: Y
                                   Age: 30 YOF
                                   Conscious: N
                                   Breathing: Y
                                   Chest pain: UNK
                                   Bleeding: UNK
/1505   (PMR  )  MISC      2BK21   ,CANCELLING CODE 33
/1505            ONSCNE    2BK10
/1508            ONSCNE    2BK10   , FIRE OS
/1510            SUPP              TXT: BRM PD ADVISED WE DID HOUSE CHECK ,AND D(
                                   O THAVE THE V/ // PER BRM PD COMMANDER - ADAM/
                                   THAT 997 MIGHT ALSO BE RELATED ADDR. 2S10 COI
                                   D THE INFO , AND WILL MAKE SURE 997 ALSO GETS
                                   ECKED
/1510            NEWLOC    2BK10   [997 BERK ]
/1513            MISC      2BK10   ,THERE IS NO SUCH ADDR AS 997 BERK
/1514            ASNCAS    2BK21   $SOS050001748 ,*****5150 NOT RELATED TO THE WI
                                   CK ON THE 207 VICT - BUT AT SAME LOCATION.
/1516            MISC      2BK21   ,UNRESPONSIVE SUBJ WAS LOCATED IN THE RESN, WI
                                   DOING CHECK FOR THE 207 VICT. 5150 UNRELATED
                                   INITIAL CALL
/1518            MISC      2BK21   ,PARAMEDCS ON SCENE, HAVE DETERMINED THIS TO I
                                   MEDICAL ONLY, CANCEL THE 5150 CASE #
/1519            CANCAS            $SOS050001748 CS # CANCELLED PER BK21 REQUES'
                                   EDICAL ONLY NOT 5150 PER MEDICS
/1523            MISC      2BK10   ,BRM PD ON SCENE
/1523            ASSTOS    24BRM   [997 BERK ]        EVA AL-2's CASE NO.
/1523   (******)  FROM
/1535   (HEM  )  SUPP              ,ROOM 607 AT PACIFIC INN -- THE 1065 IS THERE
/1535   (PMR  )  NEWLOC    2BK10   [990]
/1535            NEWLOC    24BRM   [990]
/1536            $PREMPT   24BRM
/1536            $ASSTOS   28BRM
/1536            EXCH      24BRM   28BRM
/1536            SUPP              TXT: BRM PD ADVISED THERE IS NO SUCH ADDR AS (
                                   BERK - BK10 CHECKED
/1537   (HEM  )  ASSTOS    22RCY   [PACIFIC INN #RM 607]
/1537   (******)  FROM
/1541   (PMR  )  CLEAR     2S10
/1545            CLEAR     2B20
/1546            $PREMPT   2BK21
/1548            CLEAR     2BK10
/1548            CLEAR     22RCY   DSP: OTH
                                   ,BRM PD TO HANDLE
/1548            CLEAR     28BRM
/1548            CLOSE     28BRM
/1613            MISC              ,RDD 24439 03/26/05 16:12
/1613            MISC              ,BRL 00002 03/26/05 16:12
/1613            MISC              ,03/26/05  16:12:23 TO APC, C:GGCH, C:PCO0, C:
                                   N0, C:BRT0 FROM BRL:
```





# UNITED STATES DISTRICT COURT



**NORTHERN DISTRICT OF CALIFORNIA**
**PROBATION OFFICE**

**DEBRA K. AASMUNDSTAD**
*CHIEF U.S. PROBATION OFFICER*

**Please reply to:**
450 Golden Gate Ave., Ste. 17-6884
San Francisco, CA 94102
TEL: (415) 436-7541

450 Golden Gate Avenue
Suite 17-6884 ; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7542
FAX: (415) 436-7572

December 30, 2005

Eva Al-Zaghari
990 Berkeley Avenue
Menlo Park, CA 94025

Re:    Eva Al-Zaghari
       Docket No.:
       <u>SUPERVISION COMPLETION</u>

Dear Ms. Al-Zaghari:

The purpose of this letter is to advise you that your term of _____ probation _____
terminated on _____ November 20, 2005 _____. Consequently, you have fulfilled your obligation in
regard to the completion of supervision as ordered by the Court _____.

Please remember that any financial obligations that were not paid in full continue to be an
obligation that you must satisfy. Payment of any outstanding financial obligations will be
pursued by the United States Attorney's Office.

Please maintain a copy of this document for your records. If our office can be of assistance to
you in the future, please feel free to contact us.

Sincerely,

*Esther M. Davis / 4-9-07*

Esther M. Davis
U. S. Probation Officer

EMD/emd

NDC-SUPV-041 07/25/05

F

__OMAS F. CASEY, III, COUNTY COUNSEL (SBN 47562)
_Y: Peter K. Finck, Deputy (SBN 81875)
Hall of Justice and Records
3  400 County Center, 6th Floor
Redwood City, CA
4  Telephone: (650) 363-4758
Fax: (650) 363-4034
5

6  Attorneys for Petitioner

7

ENDORSED FILED
SAN MATEO COUNTY

APR 14 2005

Clerk of the Superior Court
By  VICTORIA PARHAM
DEPUTY CLERK

8  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA

12  Concerning

13  Eva Alzaghari

14  Respondent.

LPS No.

**EX PARTE
PETITION TO ESTABLISH TEMPORARY
CONSERVATORSHIP**

15

16  Petitioner, the officer providing conservatorship investigation in the above-entitled matter,

17  respectfully alleges as follows:

18  1.  Beverly Cox, MD and Joe Broderick, MD, the professional persons in charge of San Mateo

19  Medical Center, an agency providing comprehensive evaluation and/or a facility providing intensive

20  treatment, have recommended establishment of a conservatorship for the respondent herein because they

21  have determined that said person is gravely disabled as a result of mental disorder or impairment by chronic

22  alcoholism and is unwilling to accept, and/or incapable of accepting, treatment voluntarily.

23  2.  The above-named persons who have recommended conservatorship have submitted declarations

24  stating that the respondent is in need of a temporary conservator because  she is presently incapable of

25  properly taking care of herself.  Said declarations are attached hereto and incorporated herein by reference

26  as Exhibits A, B and C.

27

28

416973                     PETITION TO ESTABLISH TEMPORARY CONSERVATORSHIP                     1

1 | THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: Peter K. Finck, Deputy (SBN 81875)

2 | Hall of Justice and Records
400 County Center, 6th Floor

3 | Redwood City, CA 94063
Telephone: (650) 363-4758

4 | Fax: (650) 363-4034

5 | Attorneys for Petitioner

*Received by EDZ
apr 2-9, 2007
in hospital*

ENDORSED FILED
SAN MATEO COUNTY

APR 1 4 2005

Clerk of the Superior Court
By __VICTORIA PARHAM__

8 | IN TH    ___R COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN MATEO

11 | PEOPLE OF THE STATE OF CALIFORNIA

12 | Concerning,

13 | EVA ALZAGHARI

14 | Respondent.

LPS Case No. 108876

**ORDER APPOINTING TEMPORARY
CONSERVATOR OF THE PERSON**

16   Having read and considered the petition requesting appointment of a temporary conservator and

17 supporting documents which have been filed herein, and good cause appearing therefore;

18   **IT IS HEREBY ORDERED** that DONALD R. WEIHER, LCSW, be appointed Temporary

19 Conservator of the Person of the respondent to serve without bond, pursuant to section §5353 of the

20 Welfare and Institutions Code, to provide the conservatee with food, shelter and care, and if necessary,

21 require that the conservatee be detained pursuant to Welfare and Institutions Code section §5358 in a

22 facility providing intensive treatment pending establishment of a conservatorship herein.

23   **IT IS FURTHER ORDERED** that the Temporary Conservator shall have the power to consent

24 to for the conservatee and require conservatee to receive treatment related specifically to remedying or

25 preventing the recurrence of the conservatee's being gravely disabled and to consent to routine medical

26 treatment for the conservatee unrelated to the grave disability.

27   **IT IS FURTHER ORDERED** that the Temporary Conservator appointed herein is authorized to

28 exercise those general powers specified in Chapter 5 and 6 (commencing with Section 2350 and 2400) of

LPS Case NO. 108876

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA  94063
   Telephone: (650) 363-4758
4  Fax:  (650) 363-4034

5  Attorneys for Petitioner

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA          LPS Case No. 108876

12      Concerning,                            **NOTICE OF HEARING**

13          EVA AL-ZAGHARI                     Date:    May 11, 2005
                                               Time:    11:00 a.m.
14          Respondent.

15

16       **NOTICE IS HEREBY GIVEN** that Pamela F. Low, the officer providing conservatorship

17  investigation in the above-entitled matter, has filed herein a Petition to Establish Conservatorship, and an

18  Order Appointing Temporary Conservator having issued thereon, and that the same is hereby set for

19  hearing by the Court on **WEDNESDAY, May 11, 2005, 11:00 a.m., at 400 County Center,**

20  **Department 14, Courtroom 8B in Redwood City, California.**

21       **ALL PERSONS INTERESTED ARE NOTIFIED** to appear at the time and place mentioned in

22  this Notice and show cause, if any they have, why the Order should not be made. This notice is required

23  by law. This notice **does not require you to appear in court,** but you may attend the

24  hearing if you wish.

25       Dated:  _April 27, 2005_  .          CLERK OF THE SUPERIOR COURT

26
                                             BY:_____
27                                                      Deputy Clerk

28  L:\GROUP\LPS\ESTAB\FORMS\NOTICE OF HEARING.Doc

   LPS Case NO. 108876
   _____
                    NOTICE OF HEARING

1 | THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: Peter K. Finck, Deputy (SBN 81875)
2 | Hall of Justice and Records
400 County Center, 6th Floor
3 | Redwood City, CA 94063
Telephone: (650) 363-4758
4 | Fax: (650) 363-4034

5 | Attorneys for Petitioner

6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN MATEO

10

11 | PEOPLE OF THE STATE OF CALIFORNIA    |    LPS Case No. 108876

12 | Concerning,    |    **CITATION**

13 | EVA AL-ZAGHARI    |    Date:    May 11, 2005
Time:    11:00 a.m.
14 | Respondent.

15

16 | THE PEOPLE OF THE STATE OF CALIFOI    *Received*
*June 5, 2005*
17 | **TO:    EVA AL-ZAGHARI**
**San Mateo Medical Center**
18 | **[via County mail]**

19

20 | **BY ORDER OF THIS COURT**, you al         ... required to appear before this Court at

21 | **400 COUNTY CENTER, DEPARTMENT 14, COURTROOM 8B in REDWOOD CITY,**

22 | **CALIFORNIA**, on **WEDNESDAY**, **May 11, 2005**, at **11:00 a.m.** and then and there to show cause, if

23 | any you have, why a conservator of your person and estate should not be appointed pursuant to said

24 | petition.

25 | This conservatorship would be established under the provisions of the Lanterman-Petris-Short

26 | (LPS) ACT, §§ 5000 et seq. of the Welfare and Institutions Code. Under that code, conservatorships can

27 | be established for "gravely disabled" persons. "Grave disability" means: a person, as a result of a mental

28 | disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter. Welfare

ENDORSED FILED
SAN MATEO COUNTY

1   THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
    By: Peter K. Finck, Deputy (SBN 81875)
2   Hall of Justice and Records
    400 County Center, 6th Floor
3   Redwood City, CA 94063
    Telephone: (650) 363-4758
4   Fax: (650) 363-4034

5   Attorneys for Petitioner

6

7

JUN 0 3 2005

Clerk of the Superior Court
By   Jane Cogliati
        DEPUTY CLERK

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN MATEO

10

11   PEOPLE OF THE STATE OF CALIFORNIA          LPS Case No. 108876

12        Concerning,                           **OPPOSITION TO PETITION FOR WRIT OF**
                                                **HABEAS CORPUS – LPS ACT**
13          EVA AL-ZAGHARI
                                                **Date: June 6, 2005**
14              Respondent.                     **Time: 9:00 a.m.**
                                                **Dept.: 28**
15

16        I, Peter K. Finck, Deputy County Counsel, attorney for respondent in above-entitled matter

17   declare:

18        1.      On April 14, 2005, petitioner was placed on a temporary conservatorship. (See Exhibit A

19   attached hereto.)

20        2.      On May 2, 2005, petitioner filed a Writ of Habeas Corpus challenging her temporary

21   conservatorship. (See Exhibit B attached hereto.)

22        3.      On May 4, 2005, said writ was denied.  Respondent asks this court to take judicial notice

23   of the court's minutes denying said writ. (See minutes attached hereto as Exhibit C.)

24        4.      On June 2, 2005, petitioner filed the within Writ of Habeas Corpus challenging her

25   placement under W&I Code § 5358.7 to be heard on June 6, 2005.

26        5.      Petitioner has a jury trial to establish her conservatorship currently scheduled for June 7,

27   2005.

28        6.      Judicial review to challenge her placement by Writ of Habeas Corpus "shall be in the

LPS Case NO. 108876
─────────────────────────────────────────────────────
**OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS – LPS ACT**

1   THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)

**ENDORSED FILED**
**SAN MATEO COUNTY**

  By: Judith A. Holiber, Deputy (SBN 180619)

2   Hall of Justice and Records

  400 County Center, 6th Floor

MAY - 2 2005

3   Redwood City, CA 94063

  Telephone: (650) 363-4747

**Clerk of the Superior Court**

**By MARIA J. PEÑA**

4   Fax: (650) 363-4034

DEPUTY CLERK

5   Attorneys for Respondent

Denied

6

7        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8          IN AND FOR THE COUNTY OF SAN MATEO

9

10   PEOPLE OF THE STATE OF CALIFORNIA   |   LPS Case No. 108876

11       Concerning,   |   **ANSWER AND RETURN TO VERIFIED PETITION FOR WRIT OF HABEAS**

12   |   **CORPUS**

       EVA AL ZAGHARI,

13   |   Date:   May 4, 2005

          Time:   9:00 a.m.

14       Petitioner.   |   Dept:   Presiding Judge

15

16      Respondent, PEOPLE OF THE STATE OF CALIFORNIA, answers the petition for Writ

17   of Habeas Corpus as follows:

18         1.     Respondent denies the allegation that the petitioner is being unlawfully restrained

19   of liberty.

20         2.     Respondent admits the allegation that the patient was admitted to the treatment

21   facility under the authority of Welfare and Institutions Code §5250 or temporary conservatorship

22   pursuant to §5352.1.

23         3.     Respondent denies the allegation that the petitioner is not gravely disabled nor a

24   danger to herself and/or others.

25      **WHEREFORE**, respondent prays that the petition for Writ of Habeas Corpus be denied.

26   Dated: May 2, 2005.           THOMAS F. CASEY III, COUNTY COUNSEL

27

28                    Judith A. Holiber, Deputy

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Judith A Holiher, Deputy
2  State Bar No. 180619
   Hall of Justice and Records
3  400 County Center, 6th Floor
   Redwood City, CA 94063
4  Telephone: (650) 363-4747
   Fax:  (650) 363-4034
5
   Attorneys for Petitioner
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA          LPS Case No. 108876

12       Concerning,                           **ORDER EXTENDING TEMPORARY
                                               CONSERVATORSHIP**
13       Eva Alzaghwi

14       Respondent.

15

16       DONALD R. WEIHER, LCSW, was appointed temporary conservator of respondent by Order of

17  the Superior Court dated   4-14-05  , and he thereafter petitioned to establish a conservatorship

18  pursuant to the Welfare and Institutions Code.

19       At the hearing on the conservatorship, respondent demanded a court or jury trial on the issue of

20  grave disability.  [Welfare and Institutions Code § 5350(d)]. The Court finds that the temporary

21  conservatorship must be extended until trial in order to protect the respondent and provide for his/her

22  welfare.

23       NOW, THEREFORE, IT IS HEREBY ORDERED that the temporary conservatorship is

24  extended and continued in effect until termination of the trial on the issue of grave disability.

25  Dated:  5/11/05                          TIME WAIVER: 60   DAYS

26

27  To Master Calendar:                         JUDGE OF THE SUPERIOR COURT

28  Please set trial on: M T W Th F
    L:\GROUP\LPS\ESTAB\ORDER EXTENDING TEMPORARY CONSERVATORSHIP CT OR JT - THURSDAY'S HEARING.Doc